# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

T. Petronykoriak,

                Plaintiff,        Case No. 19-cv-10784

v.                                    Judith E. Levy
                                    United States District Judge

Equifax Information Services LLC
*et al.*,                            Mag. Judge David R. Grand

                Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [17, 27]

Plaintiff filed this action in Wayne County Circuit Court on February 12, 2019, alleging various federal statutory and state law tort claims based on allegedly false information on his credit report. Defendant Equifax Information Services LLC timely removed the case to federal court on March 15, 2019. (ECF No. 1, PageID.1.) Two defendants, AT&T Corp. and Avis Budget Group, move to dismiss pursuant to Federal Rule of Civil Procedure 12. (ECF No. 17, PageID.212; ECF No. 27, PagesID.265.) Plaintiff failed to respond to either defendants' Rule 12 motion.

## I. Background

Plaintiff brings eleven causes of action against seventeen named defendants arising from the allegedly false information reported by defendants Equifax, Trans Union, and Experian. (ECF No. 1-2, PageID.13.) These claims appear to arise out of plaintiff's assertion that his "credit was excellent," but that based on false information on his credit report, plaintiff was unable to obtain a credit card and a loan. (*Id.* at PageID.13.)

Plaintiff does not include allegations specifically identifying AT&T and Avis. Instead, the complaint includes various allegations regarding "ALL LISTED DEFENDANTS," including that they all: failed to take action to correct false consumer reports; failed to adopt procedures to assure reports were accurate; and disseminated false information about plaintiff, despite the fact that "ALL LISTED DEFENDANTS were notified of the errors and disputes." (ECF No. 1-1, PageID.16–17.) Plaintiff argues that these actions were in violation of various federal statutes, including the Fair Credit Reporting Act ("FCRA"), the Fair Credit Billing Act ("FCBA"), and the Fair Debt Collection Practices Act ("FDCPA"). Additional counts are brought against AT&T and Avis under

various state tort law theories, including negligence, defamation, "malicious use of a telephone," and harassment.[1]

## II. Legal Standards

Avis filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on April 5, 2019. (ECF. No. 17.) AT&T filed an answer on April 2, 2019 (ECF No. 14) and filed this motion to dismiss under 12(b)(6) on April 24, 2019. (ECF No. 27.)

A post-answer motion to dismiss pursuant to 12(b)(6) is not permitted. *See* Fed. R. Civ. P. 12(b)(6). But an untimely motion to dismiss "may be properly considered as one for judgment on the pleadings under Fed. R. Civ. P. 12(c), and evaluated, nonetheless, under the standards for dismissal under 12(b)(6)." *Doe v. Sentech Empl. Servs.*, 186 F. Supp. 3d 732, 736 (E.D. Mich. 2016) (quotations omitted); *see also Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 n.1 (6th Cir. 1988). Accordingly, the Court will construe AT&T's motion as one for judgment

---

[1] The complaint includes duplicative state law claims. For instance, counts one and eight are listed as negligence, counts two and eleven are listed as defamation, and counts seven and ten are listed as harassment. Because all counts appear to arise from the same set of facts, the Court will not address each duplicative count separately.

3

on the pleadings and analyze it under the same standard as one to dismiss.

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The pleading standard is less stringent for plaintiffs proceeding *pro se*, but does not "compel the courts to conjure up unpleaded facts to support conclusory allegations." *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (quoting *Kamppi v. Ghee*, 208 F.3d 213 (table), 2000 WL 303018, at *1 (6th Cir. 2000)).

## III. Analysis

The complaint fails to allege specific facts with respect to either AT&T or Avis. As a result, the Court has no way of knowing what relationship these defendants have to this case. Moreover, the Court is unable to assess whether the conduct of these defendants was lawful or reasonable with respect to plaintiff as a consumer. Because the complaint fails to allege facts with any specificity, and relies on conclusory allegations, it fails to state a claim against AT&T or Avis.

The complaint includes similarly conclusory allegations with respect to "ALL LISTED DEFENDANTS," and, for reasons outlined below, these general allegations also fail to set forth a plausible claim.

### A. FCRA Claim

In the Sixth Circuit, consumers may bring a cause of action under the FCRA against any "'person who is negligent in failing to comply with any requirement . . . imposed with respect to any consumer under the act." *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615 (6th Cir. 2012) (quoting 15 U.S.C. § 1681o). Relevant to AT&T and Avis, the FRCA requires a "furnisher to 'conduct an investigation with respect to [ ] disputed information'" provided to it by a consumer reporting agency

("CRA"). *Id.* at 616 (quoting § 1681s-2(b)(1)(A)). It lays out additional steps and requirements of a furnisher with respect to the information provided about a consumer by a CRA. *Id.* at 616–17. These requirements are triggered by "notice from a consumer reporting agency." *Yaldu v. Bank of Am. Corp.*, 700 F. Supp. 2d 832, 843 (E.D. Mich. 2010) (citations omitted).

The complaint fails to set forth non-conclusory allegations with respect to the information that was supposedly false on plaintiff's credit report. Nor does it identify what information was false. Flowing from this deficiency is a failure to allege that a CRA alerted AT&T or Avis of disputed information on plaintiff's credit report. Therefore, as pleaded, neither defendants' duty to investigate was triggered. Even assuming the investigatory duty of a furnisher, such as AT&T or Avis, could be triggered by the consumer rather than a CRA, plaintiff nonetheless fails to plead adequate facts. He alleges generally that he had "numerous contacts with Each Defendants . . . INCLUDING, but not limited to inquiries from VIVENT, Roosen, CBNA, Webbank, Comcast," and others. AT&T and Avis are missing from the list.

In short, the facts do not set forth sufficient facts to establish a duty on the part of AT&T or Avis and therefore plaintiff fails to state a claim against these defendants under the FCRA.

**B. FDCPA Claim**

Avis correctly identifies that FDCPA claims can only be brought against "debt collectors."[2] (ECF No. 17, PageID.226.) The complaint does not outline the relationship between Avis and plaintiff, nor the relationship between AT&T and plaintiff. Instead, the complaint merely alleges that an unidentified "Defendant, which is a debt collector under the FDCPA, violated the FDCPA" in various enumerated ways. (ECF. No. 1-1, PageID.24.) Plaintiff has therefore failed to plead a threshold fact, that either Avis or AT&T is a debt collector. He therefore does not state a claim under the FDCPA.

**C. FCBA Claim**

---

[2] Even assuming AT&T or Avis were trying to collect outstanding payments from plaintiff, which is not alleged, a creditor is not a debt collector, *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 359 (6th Cir. 2012), which is defined more narrowly as an entity that "regularly collects or attempts to collect debts owed or due another." *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721 (2017) (quoting 15 U.S.C. §1692a(6)). Neither of these defendants have been pleaded as debt collectors as defined by the FDCPA.

The FCBA applies "only to open-end credit transactions, and, chiefly, to credit card accounts." *Rajapakse v. Credit Acceptance Corp*, No. 17-12970, 2019 U.S. Dist. LEXIS 18490, at *12 (E.D. Mich. Jan. 30, 2019) (quotations omitted). Once again, the complaint fails to set forth facts to support a claim. No creditor relationship is pleaded with AT&T or Avis. Moreover, there is no plausible inference that the specific type of creditor relationship required here, an "open-end credit transaction," is present. Thus, plaintiff fails to state a claim.

**D. State Law Claims**

AT&T and Avis are listed as defendants in state law claims in counts 1, 2, 7, 8, 10, and 11. However, none of these counts set forth distinct allegations to support a cause of action. Instead, these counts appear to be based on the same conduct as alleged under the FCRA claim.

The FCRA preempts state law causes of action for procedures related to false credit reporting, or alternatively sets forth higher standards for claims, such as defamation, based on such allegations. *Yaldu*, 700 F. Supp. 2d at 843 ("The FCRA contains two overlapping and potentially contradictory preemption provisions. *Compare* 15 U.S.C. § 1681h(e), *with* 15 U.S.C. § 1681t(b)(1)(F). 'The tension between these two

8

provisions . . . results from the fact that § 1681h(e) permits state tort claims, but requires a higher standard of proof for those in the nature of defamation, slander, or invasion of privacy, while § 1681t(b)(1)(F) prohibits all state claims covered by § 1681s-2.'" (citations omitted)). Plaintiff fails to state a claim with respect to all state law theories listed, including defamation, harassment, and negligence based on preemption, or in the alternative, has failed to plead anything in a non-conclusory manner.

## IV. Conclusion

For the reasons set forth, plaintiff has failed to set forth sufficient factual allegations to state a claim against defendants AT&T or Avis. Accordingly, these defendants' motions (ECF No. 17; ECF No. 27) are GRANTED.

IT IS SO ORDERED.

Dated: June 18, 2019             s/Judith E. Levy
   Ann Arbor, Michigan       JUDITH E. LEVY
                                             United States District Judge

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 18, 2019.

                                        s/Shawna Burns
                                        SHAWNA BURNS
                                        Case Manager