# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

T. Petronykoriak,

                Plaintiff,      Case No. 19-cv-10784

v.                                  Judith E. Levy
                                     United States District Judge
Equifax Information Services LLC
*et al.*,                              Mag. Judge David R. Grand

                Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANT COMCAST OF DETROIT LLC'S MOTION TO DISMISS [84]

Plaintiff filed this action in Wayne County Circuit Court on February 12, 2019, alleging various federal statutory and state law tort claims based on allegedly false information on his credit report. Defendant Equifax Information Services LLC timely removed the case to federal court on March 15, 2019. (ECF No. 1-1, PageID.1.) Defendant Comcast of Detroit LLC ("Comcast"), moves to dismiss pursuant to Federal Rule of Civil Procedure 12. (ECF No. 84, PageID.542.) Plaintiff failed to respond to defendant's Rule 12 motion.

## I. Background

Plaintiff brings eleven causes of action against seventeen named defendants arising from the allegedly false information reported by defendants Equifax, Trans Union, and Experian. (ECF No. 1-2, PageID.13.) These claims appear to arise out of plaintiff's assertion that his "credit was excellent," but that based on false information on his credit report, plaintiff was unable to obtain a credit card and a loan. (*Id.* at PageID.13.)

Plaintiff does not include allegations specifically identifying Comcast. Instead, the complaint includes various allegations regarding "ALL LISTED DEFENDANTS," including that they all: failed to take action to correct false consumer reports; failed to adopt procedures to assure reports were accurate; and disseminated false information about plaintiff, despite the fact that "ALL LISTED DEFENDANTS were notified of the errors and disputes." (ECF No. 1, PageID.16–17.) Plaintiff argues that these actions violated various federal statutes, including the Fair Credit Reporting Act ("FCRA"), the Fair Credit Billing Act ("FCBA"), and the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff brings additional counts against defendant under various state tort law

theories, including negligence, defamation, "malicious use of a telephone," and harassment.[1]

## II. Legal Standards

Defendant filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on August 9, 2019. Plaintiff did not respond.

A motion for judgment on the pleadings is reviewed under the same standard as one brought under Rule 12(b)(6). *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001). That is, courts must "construe the complaint in the light most favorable to the plaintiff" and "accept all of the complaint's factual allegations as true." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim need not contain "detailed factual allegations," but it must contain more than

---

[1] The complaint includes duplicative state law claims. For instance, counts one and eight are listed as negligence, counts two and eleven are listed as defamation, and counts seven and ten are listed as harassment. Because all counts appear to arise from the same set of facts, the Court will not address each duplicative count separately.

"labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The pleading standard is less stringent for plaintiffs proceeding *pro se* but does not "compel the courts to conjure up unpleaded facts to support conclusory allegations." *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (quoting *Kamppi v. Ghee*, 208 F.3d 213 (table), 2000 WL 303018, at *1 (6th Cir. 2000)).

### III. Analysis

The complaint fails to allege specific facts with respect to Comcast. As a result, the Court has no way of knowing what relationship this defendant has to this case. Moreover, the Court is unable to assess whether the conduct of Comcast was lawful or reasonable with respect to plaintiff as a consumer. Because the complaint fails to allege facts with any specificity, and relies on conclusory allegations, it fails to state a claim against Comcast.

The complaint includes similarly conclusory allegations with respect to "ALL LISTED DEFENDANTS," and, for reasons outlined below, these general allegations also fail to set forth a plausible claim.

4

## A. FCRA Claim

In the Sixth Circuit, consumers may bring a cause of action under the FCRA against any "'person who is negligent in failing to comply with any requirement . . . imposed with respect to any consumer under the act." *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615 (6th Cir. 2012) (quoting 15 U.S.C. § 1681o). Relevant to Comcast, the FRCA requires a "furnisher to 'conduct an investigation with respect to the disputed information'" provided to it by a consumer reporting agency ("CRA"). *Id.* at 616 (quoting § 1681s-2(b)(1)(A)). The FRCA lays out additional steps and requirements of a furnisher with respect to the information provided about a consumer by a CRA. *Id.* at 616–17. However, these requirements are not triggered unless the furnisher receives "notice from a consumer reporting agency." *Yaldu v. Bank of Am. Corp.*, 700 F. Supp. 2d 832, 843 (E.D. Mich. 2010) (citations omitted). Until a furnisher receives such notice, there is "no responsibility to investigate a credit dispute." *Id.*

Plaintiff fails to allege that a CRA alerted Comcast to disputed information on plaintiff's credit report. Additionally, the complaint fails to set forth non-conclusory allegations with respect to the information that was supposedly false on plaintiff's credit report. Nor does it identify

5

what information was false. These deficiencies are fatal to plaintiff's claim, as a non-conclusory claim of inaccurate or incomplete credit information is a "threshold showing" for a violation of the FCRA. *See Pittman v. Experian Information Solutions, Inc.*, 901 F.3d 619, 629 (6th Cir. 2018).

In short, the complaint does not set forth sufficient facts to establish a duty on the part of Comcast. Therefore, plaintiff fails to state a claim against this defendant under the FCRA.

**B. FDCPA Claim**

FDCPA claims may only be brought against "debt collectors."[2] 15 U.S.C. § 1692 *et seq*. The complaint does not outline the relationship between Comcast and plaintiff. Instead, the complaint merely alleges that an unidentified "Defendant, which is a debt collector under the FDCPA, violated the FDCPA" in various enumerated ways. (ECF. No. 1-1, PageID.24.) Plaintiff has therefore failed to plead a threshold fact, that

---

[2] Even assuming that Comcast was trying to collect outstanding payments from plaintiff—which is not alleged—a creditor is not a debt collector. *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 359 (6th Cir. 2012). The FDCPA defines a debt collector as an entity that "regularly collects or attempts to collect debts owed or due another." *Id.* (quoting 15 U.S.C. §1692a(6)). Comcast has not been pleaded as a debt collector as defined by the FDCPA.

Comcast is a debt collector. Plaintiff does not state a claim under the FDCPA.

**C. FCBA Claim**

The FCBA applies "only to open-end credit transactions, and, chiefly, to credit card accounts." *Rajapakse v. Credit Acceptance Corp.*, No. 17-12970, 2019 U.S. Dist. LEXIS 18490, at *12 (E.D. Mich. Jan. 30, 2019) (quotations omitted). The complaint fails to set forth facts to support this claim. Plaintiff does not plead a creditor relationship with Comcast. Moreover, the complaint creates no plausible inference that the specific type of creditor relationship required here—an "open-end credit transaction"—is present. Thus, plaintiff fails to state a claim under the FCBA.

**D. State Law Claims**

Comcast is listed as a defendant in state law claims in counts 1, 2, 7, 8, 10, and 11. However, none of these counts set forth distinct allegations to support a cause of action. Instead, these counts appear to be based on the same conduct as alleged under the FCRA claim.

The FCRA preempts state law causes of action for procedures related to false credit reporting, or alternatively sets forth higher

7

standards for claims—such as defamation—based on such allegations. *Yaldu*, 700 F. Supp. 2d at 843 ("The FCRA contains two overlapping and potentially contradictory preemption provisions. *Compare* 15 U.S.C. § 1681h(e), *with* 15 U.S.C. § 1681t(b)(1)(F). The tension between these two provisions . . . results from the fact that § 1681h(e) permits state tort claims, but requires a higher standard of proof for those in the nature of defamation, slander, or invasion of privacy, while § 1681t(b)(1)(F) prohibits all state claims covered by § 1681s-2.'" (citations omitted)). Plaintiff's state claim theories survive neither standard. As with the statutory claims, plaintiff offers a series of legal conclusions attributed vaguely to the conduct of an unidentified "Defendant." (ECF No. 1-1, *passim*.) The complaint fails to state a claim with respect to all state law theories listed, including defamation, harassment, and negligence based on preemption, or in the alternative, has failed to plead anything in a non-conclusory manner.

## IV. Conclusion

For the reasons set forth, plaintiff has failed to set forth sufficient factual allegations to state a claim against defendant Comcast.

Accordingly, Comcast's motion to dismiss (ECF No. 84) is GRANTED.

IT IS SO ORDERED.

Dated: September 10, 2019  s/Judith E. Levy
    Ann Arbor, Michigan  JUDITH E. LEVY
                                            United States District Judge