# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

T. Petronykoriak,

        Plaintiff,        Case No. 19-cv-10784

v.                              Judith E. Levy
                               United States District Judge

Equifax Information Services LLC,
*et al.*,                          Mag. Judge David R. Grand

        Defendants.

_____/

## ORDER FOR AN ACCOUNTING OF DAMAGES PURSUANT TO PLAINTIFF/COUNTER-DEFENDANT PETRONYKORIAK AND DEFENDANT/COUNTER-PLAINTIFF TRANS UNION'S <u>MOTIONS FOR DEFAULT JUDGMENT [57, 94, 95]</u>

This case is before the Court on three separate Motions for Default Judgment under Rule 55(b): two filed by Plaintiff/Counter-Defendant T. Petronykoriak as to Defendants Account Receivables Collections, Inc. and Nationwide Cassel, and one filed by Defendant/Counter-Plaintiff Trans Union, LLC as to T. Petronykoriak. (ECF Nos. 57; 94; 95.)

Petronykoriak initially filed this action in Wayne County Circuit Court on February 12, 2019, asserting various federal statutory and state law tort claims based on allegedly false information in his credit report.

(ECF No. 1-1, PageID.18-26.) Defendant Equifax Information Services LLC timely removed this case to federal court on March 15, 2019. (*Id.* at PageID.1.)

## I. BACKGROUND

Petronykoriak brings eleven causes of action against seventeen named defendants arising from the allegedly false information reported by defendants Equifax, Trans Union, and Experian. (ECF No. 1-2, PageID.13.) These claims appear to arise out of Petronykoriak's assertion that his "credit was excellent," but that based on false information on his credit report, Petronykoriak was unable to obtain a credit card and a loan. (*Id.* at PageID.13.)

### A. Petronykoriak's Motions for Default Judgment

Petronykoriak served Account Receivables, Nationwide Cassel, and Trans Union on or about February 20, 2019. (ECF. No. 1-1, PageID.32.) Neither Account Receivables nor Nationwide Cassel ever entered an appearance or filed an answer to this action.

Petronykoriak requested clerk's entries of default pursuant to Federal Rule of Civil Procedure 55(a) as to these parties on July 3, 2019 (Nationwide Cassell) and September 9, 2019 (Account Receivables). (ECF

Nos. 60, 81.) The clerk granted the requested defaults on July 26, 2019 and September 9, 2019, respectively. (ECF Nos. 81, 92.) On September 19, 2019, Petronykoriak filed identical motions for default judgment as to these defendants, pursuant to Federal Rule of Civil Procedure 55(b). (ECF Nos. 94-95.)

**B. Trans Union's Motion for Default Judgment**

On May 13, 2019, Trans Union filed an answer and a counterclaim against Petronykoriak. (ECF No. 40.) In the counterclaim, Trans Union alleged that this action is Petronykoriak's fourth lawsuit against Trans Union. (*Id.* at PageId.369.) After Petronykoriak filed the previous lawsuit in 2018, the parties settled the case and entered into a contract providing that "Trans Union may suppress [Petronykoriak's] Trans Union credit file . . . and [Petronykoriak] agrees that the suppression of his Trans Union credit file, or any resulting consequence thereof, will not provide the basis for any future claims against Trans Union." (ECF No. 40-1, PageID.378.) The parties further agreed that "Trans Union may recover any and all reasonable attorneys' fees, costs, and expenses incurred in enforcing any term of this Agreement or for breach thereof in addition to

any other damages to which Trans Union may be entitled." (*Id.* at PageID.379.)

Trans Unions' counterclaim alleges that Petronykoriak "materially breached [this] Agreement by filing the Current Lawsuit and asserting claims against Trans Union based on Trans Union's handling of Plaintiff's Trans Union credit file." (ECF No. 40, PageID.371.) Petronykoriak never responded to this counterclaim.

On June 20, 2019, Trans Union requested a clerk's entry of default judgment as to Petronykoriak, pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 51.) The clerk granted the default order on the same day. (ECF Nos. 52-53.) On July 1, 2019, Trans Union moved for default judgment as to Petrykoriak, pursuant to Federal Rule of Civil Procedure 55(b). (ECF No. 57.)

## II. LAW AND ANALYSIS

Default judgment is governed by Federal Rule of Civil Procedure 55. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A default judgment may be entered by the clerk when a

plaintiff's claim is for a sum certain—or a sum that may be made certain—and the defendant is neither a minor nor incompetent. Fed. R. Civ. P. 55(b)(1). In all other cases, the Court may conduct an accounting, determine the amount of damages, establish the truth of any allegations by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2). Determining whether to grant default judgment is within the sound discretion of the district court. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995).

Here, the defaulting parties (Account Receivables, Nationwide Cassel, and Petronykoriak), have failed to respond to the moving parties' (Petronykoriak and Trans Union) complaints and are deemed to have admitted all of the well-pleaded allegations against them. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citing *Visioneering Constr. v. U.S. Fidelity and Guaranty*, 661 F.2d 119, 124 (9th Cir. 1981)).

However, while Petronykoriak and Trans Union may be entitled to default judgment as to the defaulting parties' liability for the admitted claims, this Court must still determine the appropriate entry of judgment. Fed. R. Civ. P. 55(b). "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the

complaint with respect to the amount of damages are not deemed true. The district court must instead conduct an inquiry in order to ascertian the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. Appx. 351, 355 (6th Cir. 2009). To ascertain damages where there is a sum uncertain, Rule 55(b)(2) allows the district court to conduct an evidentiary hearing or to request an affidavit computing damages. *Id.* at 354-55 (districts courts may, but are not required to, conduct a hearing to determine sums uncertain); *Meyer v. City of Cincinnati*, Nos. 90-3679, 90-3805, 1991 WL 165584, at *3 (6th Cir. Aug. 27, 1991); *SGA Global, LLC v. Surface Coatings, Co.*, No. 07-10332, 2007 WL 3284006 (E.D. Mich. Oct. 31, 2007) (awarding damages based upon documentary proof such as spreadsheets, evidence of pricing, and shipping charges in support of plaintiff's claimed damages).

Here, neither Petronykoriak nor Trans Union attached an affidavit computing damages to either their motions or their requests for a clerk's default entry. (*See* ECF Nos. 57, 60, 92, 94-95.) Though Petronykoriak requests $250,000 from each defaulting party and Trans Union requests ongoing attorneys' fees, costs, and expenses, the moving parties bear the

burden of demonstrating that they are entitled to these amounts to a sum certain. *Meyer*, 1991 WL 165584 at *3.

Accordingly, Petronykoriak and Trans Union are hereby ORDERED to submit, through affidavit or declaration, a precise accounting of their damages attributable to the defaulting parties. Petronykoriak and Trans Union **shall submit this information in writing by Tuesday, November 26th.**

IT IS SO ORDERED.

| | |
|---|---|
| Dated: November 12, 2019<br>Ann Arbor, Michigan | s/Judith E. Levy<br>JUDITH E. LEVY<br>United States District Judge |

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 12, 2019.

s/William Barkholz<br>WILLIAM BARKHOLZ<br>Case Manager