**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

T. Petronykoriak,

                Plaintiff,        Case No. 19-cv-10784

v.                                       Judith E. Levy
                                        United States District Judge
Equifax Information Services LLC,
*et al.*,                                 Mag. Judge David R. Grand

                Defendants.

_____/

**ORDER GRANTING DEFENDANT/COUNTER-PLAINTIFF
TRANS UNION'S MOTION FOR DEFAULT JUDGMENT [57]
AND DENYING DEFENDANT/COUNTER-PLAINTIFF
PETRONYKORIAK'S MOTIONS FOR DEFAULT JUDGMENT
[94, 95]**

      This case is before the Court on three separate Motions for Default Judgment under Rule 55(b): two filed by Plaintiff/Counter-Defendant T. Petronykoriak as to Defendants Account Receivables Collections, Inc. and Nationwide Cassel, and one filed by Defendant/Counter-Plaintiff Trans Union, LLC as to T. Petronykoriak. (ECF Nos. 57; 94; 95.)

      On November 26, 2019, the Court acknowledged that Petronykoriak and Trans Unions are entitled to default as a matter of

law under Federal Rule of Civil Procedure 55(a), as their defaulting parties never responded to the complaints after service. (ECF No. 101, PageID.616-617.) However, in order to determine whether Petronykoriak and Trans Union were entitled to a monetary judgment, the Court ordered an accounting of damages pursuant to Federal Rule of Civil Procedure 55(b). (*Id.* at PageID.617-618.)

For the reasons below, the Court finds that Petronykoriak's failure to respond to the Court's order constitutes a failure to demonstrate damages to a sum certain. Conversely, Trans Union has demonstrated its damages to a sum certain. Therefore, Petronykoriak's motion for default judgment is DENIED, and Trans Union's motion for default judgment is GRANTED.

I.  ANALYSIS

A default judgment is appropriate when a plaintiff's claim is for a sum certain—or a sum that may be made certain—and the defendant is neither a minor nor incompetent. Fed. R. Civ. P. 55(b)(1). In all other cases, the Court may conduct an accounting, determine the amount of damages, establish the truth of any allegations by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2). The party seeking

default must "establish that the damages requested are such that may be computed to a sum certain and to present an affidavit computing damages." *Meyer v. City of Cincinnati*, No. 90-3679, 1991 WL 165584, at *3 (Aug. 27, 1991 6th Cir.). Determining whether to grant default judgment is within the sound discretion of the district court. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995).

### A. Petronykoriak's Motions for Default Judgment

Petronykoriak initially requested $250,000 from each of the two defaulting parties. (ECF No. 101, PageID.618.) However, Petronykoriak never responded to the Court's order for an accounting of damages. Thus, the Court is unable to ascertain any level of damages—much less the $500,000 that Petronykoriak initially requested—with the reasonable certainty required by Federal Rule of Civil Procedure 55(b). Having not heard otherwise, the Court assumes that Plaintiff concurs with this matter being DISMISSED for failure to prosecute.

### B. Trans Union's Motion for Default Judgment

Trans Union's alleged damages stem from a contract born of several lawsuits between Trans Union and Petronykoriak. The contract, signed by both parties, provided that "Trans Union may suppress

[Petronykoriak's] Trans Union credit file . . . and [Petronykoriak] agrees that the suppression of his Trans Union credit file, or any resulting consequence thereof, will not provide the basis for any future claims against Trans Union." (ECF No. 40-1, PageID.378.) The parties further agreed that "Trans Union may recover any and all reasonable attorney[] fees, costs, and expenses incurred in enforcing any term of this Agreement or for breach thereof in addition to any other damages to which Trans Union may be entitled." (*Id.* at PageID.379.)

Trans Unions' counterclaim alleges that Petronykoriak "materially breached [this] Agreement by filing the Current Lawsuit and asserting claims against Trans Union based on Trans Union's handling of Plaintiff's Trans Union credit file." (ECF No. 40, PageID.371.) Petronykoriak never responded to this allegation, and the Court agrees with Trans Union that this lawsuit constitutes a clear breach of the contract's terms.

On November 26, 2019, Trans Union provided the following information in support of its claim for attorney fees, costs, and expenses: an affidavit from counsel William M. Huse, a set of redacted billing logs recording the work performed in conjunction with this lawsuit, an

explanation of Trans Union's attorney fee structure, and a list of attorneys and paralegals who assisted with this case. (ECF No. 102.)

Trans Union's documents set forth services performed by counsel on behalf of Trans Union in this matter from April 18, 2019 through November 12, 2019. (ECF No. 102, PageID.622.) Four attorneys and one paralegal assisted with this case. (*Id.* at PageID.639.) Counsel used a "blended" rate to determine fees, which is "an hourly rate charged by all timekeepers, from the Firm's Partner to its paralegals." (*Id.* at PageID.623.) Counsel billed $186.32 per hour using this blended rate, for an award totaling $11,523.88. (*Id.*)

After reviewing counsel's records, the Court determines that this amount is both reasonable and calculable to a sum certain. The State Bar of Michigan, in its latest "Economics of Law Practice" report, recently determined that the median hourly rate for civil litigation attorneys in Michigan is $250. 2017 ECONOMICS OF LAW PRACTICE, ATTORNEY INCOME AND BILLING RATE SUMMARY REPORT, State Bar of Michigan, p.5. The lower blended rate of $186.32 per hour for the four attorneys and one paralegal is therefore reasonable. These fees also comport with the traditional "lodestar" method for determining attorneys' fees, which

courts calculate "by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Where the party seeking attorney fees has established that the number of hours and the rate claimed are reasonable, the lodestar is presumed to be [a] reasonable fee." *Imwalle v. Reliance Medical Products, Inc.*, 515 F.3d 531, 551-52 (6th Cir. 2008).

Finally, counsel's billing logs indicate that counsel attempted to persuade Petronykoriak to drop his claims in light of the parties' contract, and that the parties had several conversations about settlement. (*See, e.g.*, ECF No. 102-1, PageID.630 ("Review issues regarding Trans Union's proposed counter-claim for beach of contracts, performance of Trans Union of all conditions precedent to assert breach of contract claim, Plaintiff's refusal to dismiss claims despite Trans Union's assert that it would seek fees to determine effect on Trans Union's litigation position.").) Thus, Petronykoriak was on heightened notice about the possibility that he would be liable for Trans Union's legal fees. The Court will hold him to his contract.

**CONCLUSION**

Petronykoriak's motions for default judgment are DENIED. Trans Union's motion for default judgment is GRANTED, and Plaintiff is ordered to pay Trans Union's attorney fees in the amount of $11,523.88. This action is DISMISSED WITHOUT PREJUDICE as to Counter-Defendant Petronykoriak, Defendant Nationwide Cassel, and Defendant Account Receivables Collections.

IT IS SO ORDERED.

Dated: December 19, 2019　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 19, 2019.

　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　Case Manager