UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T. Petronykoriak,

                Plaintiff,        Case No. 19-cv-10784

v.                               Judith E. Levy
                                    United States District Judge
Equifax Information Services LLC
*et al.*,                            Mag. Judge David R. Grand

                Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANT TRANS UNION, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT [110]**

Plaintiff T. Petronykoriak ("Petronykoriak") filed this action in Wayne County Circuit Court on February 12, 2019, alleging various federal statutory and state law tort claims based on allegedly false information on his credit report. Defendant Equifax Information Services LLC timely removed the case to federal court on March 15, 2019. (ECF No. 1-1, PageID.1.) On October 2, 2020, Defendant Trans Union, LLC ("Trans Union") filed a motion for partial summary judgment as to Petronykoriak's Fair Credit Reporting Act (FCRA) and state law tort claims. (ECF No. 110.) Petronykoriak filed an untimely response on

November 30, 2020. (ECF No. 112.) Trans Union replied on December 9, 2020. (ECF No. 113.)

For the following reasons, Trans Union's motion is GRANTED in its entirety. Plaintiff's state law tort claims, as well as his claims under the Fair Credit Reporting Act, are DISMISSED as to Trans Union. Remaining in this case is Petronykoriak's claim against Trans Union under the Fair Credit Billing Act (FCBA), which Trans Union did not address in its motion for summary judgment.

## I.     Background

Petronykoriak brings eleven causes of action against seventeen named Defendants arising from the allegedly false information reported by Defendants Equifax, Trans Union, and Experian. (ECF No. 1-2, PageID.13.) These claims appear to arise out of Petronykoriak's assertion that his "credit was excellent," but that he was unable to obtain a credit card and loan due to false information on his credit report that was distributed by credit reporters despite Petronykoriak's attempts to have the misinformation corrected. (*Id.* at PageID.13.)

Petronykoriak alleges that "ALL Defendants," including Trans Union, failed to take action to correct false consumer reports; failed to

2

adopt procedures to assure reports were accurate; and disseminated false information about plaintiff, despite the fact that Defendants "were notified of the errors and disputes." (ECF No. 1, PageID.16–17.) Petronykoriak argues that Trans Union's actions violated various federal statutes, including the FCRA and FCBA. Petronykoriak brings additional counts against Trans Union under various state tort law theories, including negligence, defamation, "malicious use of a telephone," and harassment.[1]

Petronykoriak and Trans Union have a storied litigation history. After Petronykoriak sued Trans Union multiple times regarding alleged misuse of Petronykoriak's credit file, the parties executed a contract in May 2018 providing that "Trans Union may suppress [Petronykoriak's] Trans Union credit file . . . and [Petronykoriak] agrees that the suppression of his Trans Union credit file, or any resulting consequence thereof, will not provide the basis for any future claims against Trans Union." (ECF No. 40-1, PageID.378.) The parties further agreed that

---

[1] The complaint includes duplicative state law claims. For instance, counts one and eight are listed as negligence, counts two and eleven are listed as defamation, and counts seven and ten are listed as harassment. Because all counts appear to arise from the same set of facts, the Court will not address each duplicative count separately.

3

"Trans Union may recover any and all reasonable attorney[] fees, costs, and expenses incurred in enforcing any term of this Agreement or for breach thereof in addition to any other damages to which Trans Union may be entitled." (*Id.* at PageID.379.) In a previous Opinion and Order in this case, the Court granted Trans Union's counterclaim against Petronykoriak on the basis that "this [current] lawsuit constitutes a clear breach of the contract's terms." (ECF No. 103, PageID.643.)

Trans Union provided a copy of the May 2018 contract in which the parties expressly agreed that Trans Union would suppress—meaning delete—Petronykoriak's existing credit file.[2] (ECF No. 40-1, PageID.378.) Trans Union additionally provided an affidavit from Donald Wagner, who is a "Representative III in [Trans Union's] Litigation Support department," attesting that Trans Union suppressed Petronykoriak's credit file on May 25, 2018, that thereafter Petronykoriak "never contacted Trans Union to dispute any information related to his credit file," and that Trans Union "did not provide any third party with

---

[2] (*See* ECF No. 110-2, PageID.701 ("The term 'suppression' under Trans Union Standard Operating Procedures means deletion. Suppression of a credit file is when Trans Union no longer maintains a consumer's credit file and it is removed from circulation.").)

4

Plaintiff's consumer report after May 21, 2018." (ECF No. 110-2, PageID.701-702.)

Trans Union provided a proof of service demonstrating that, on February 19, 2020—after the parties filed their Rule 26(f) discovery plan on January 30, 2020—Trans Union served Petronykoriak with its First Set of Interrogatories, First Set of Requests For Production of Documents, and First Set of Requests for Admission. (ECF No. 110-5, PageID.732.) Petronykoriak, in his untimely response to Trans Union's motion for summary judgment, "freely admits to not having answered" them. (ECF No. 112, PageId.746.) As a matter of law, Petronykoriak has thereby admitted the following for the purpose of this motion for summary judgment[3]:

> No. 4: "[I am] not aware of and have no evidence that any Trans Union employee ever misrepresented anything to [me]";
> No 5: "[I am] not aware of and have no evidence that any trans Union employee ever concealed anything from [me]";
> No 7: "No creditor has told [me] that [I was] denied credit or had terms changed based on a consumer report from Trans Union";

---

[3] *See* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless [the party to whom the request is directed answers or objects to the request for admission] within 30 days after being served.") Petronykoriak has not answered or objected to the requests for admission.

5

<u>No 8</u>: "No creditor has told [me] that [I was] denied credit or had terms changed based on information [I] claim is inaccurate on a consumer report from Trans Union";

<u>No 9</u>: "[I] never had any oral communications with anyone at Trans Union";

<u>No 10</u>: "[I] never had any written communications with Trans Union";

<u>No 13</u>: "No one at Trans Union made a false statement to [me]";

<u>No 26</u> "[P]rior to filing the Complaint in this case, all allegedly inaccurate information Trans Union had reported with respect to [me] had been corrected";

<u>No 27</u>: "[I] have not suffered any emotional distress, humiliation, embarrassment or mental anguish as a result of Trans Union's conduct"; and

<u>No 28</u>: "[I] have not suffered any out-of-pocket loss as a result of any inaccurate information Trans Union has reported with respect to [me]."

(ECF No. 110-5.)

## II. Legal Standard

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). While it is the movant's burden to

identify those portions of the pleadings "which [it] believes demonstrate the absence of a genuine issue of material fact," the burden then shifts to the non-movant to "set forth specific facts showing that there is a genuine issue for trial," even "go[ing] beyond the pleadings" if necessary. *Pearce v. Faurecia Exhaust Sys.*, 529 Fed. Appx. 454, 457 (6th Cir. 2013) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.,* 305 F.3d 520, 526 (6th Cir. 2002)).

### III. Analysis

Petronykoriak has failed to provide any evidence of a material dispute in this case and has admitted to all of Trans Union's Rule 36 requests to admit. The combined weight of these facts establish, for the purpose of this motion, that Trans Union did not maintain a credit file on Petronykoriak's behalf and that Petronykoriak suffered no emotional, financial, or other material harm as a result of Trans Union's actions. Trans Union is entitled to summary judgment on the FCRA and all state law claims.

### A. Fair Credit Reporting Act Claims

Consumers may bring a cause of action under the FCRA against any "'person who is negligent in failing to comply with any requirement . . . imposed with respect to any consumer under the act." *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615 (6th Cir. 2012) (quoting 15 U.S.C. § 1681o). Petronykoriak specifically accuses Trans Union of violating three procedural provisions of the FCRA: § 1681(e)(b), § 1681s-2(b), and § 1681i(a).

Section 1681(e)(b) provides that, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681(e)(b). Petronykoriak alleges that Trans Union violated § 1681e[b] by failing to "adopt and follow 'reasonable procedures' to assure the maximum possible accuracy of Plaintiff's consumer credit and other personal information." (ECF No. 1-1, PageID.20.)

Section 1681s-2(b) describes the "[d]uties of furnishers of information upon notice of dispute," and mandates the procedures by which credit report furnishers must respond to notice of a dispute "with

regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency." 15 U.S.C. § 1681s-2(b). Petronykoriak alleges that Trans Union violated § 1681s-2(b) by failing to respond or otherwise acknowledge Petronykoriak's disputes, as well as by failing to conduct an investigation into them. (ECF No. 1-1, PageID.19.)

Section 1681i(a) governs "reinvestigations of disputed information," and provides procedures for disputes regarding the completeness or accuracy of items within a consumer's credit file. 15 U.S.C. § 1681(i)(a). Petronykoriak accuses Trans Union of violating § 1681i[a] by failing to respond to, or otherwise investigate, Petronykoriak's claims regarding disputed portions of his credit file.

All of Petronykoriak's FCRA claims fail because Petronykoriak has offered no evidence that Trans Union maintained a credit file for him— let alone falsely reported one. To the contrary, Trans Union has offered the parties' contract and an affidavit attesting that no such file exists. Additionally, Petronykoriak's admissions "conclusively establish" that Petronykoriak has no evidence of misrepresentations made to him, or harm caused to him, by Trans Union. Petronykoriak's affidavit attesting

9

to the contrary, submitted in response to the motion for summary judgment, cannot overcome his admissions. Fed. R. Civ. P. 36(b) (requiring the Court to take Petronykoriak's admissions as "conclusively established" unless he moves to withdraw or amends them, which he has not done[4]); *see also Goodson v. Brennan*, 688 Fed. Appx. 372, 375-376 (6th Cir. 2017) (holding that a plaintiff could not introduce evidence to create a "genuine issue[] of material fact" after "admitt[ing], and therefore conclusively establish[ing], facts that preclude her success on [the] claim[s]"). All three FCRA provisions in this case—§ 1681(e)(b), § 1681s-

---

[4] In Petronykoriak's untimely response, he argues that his admissions to Trans Union are not conclusively established because Trans Union also failed to answer *his* competing admission requests, which he served alongside his complaint "in the Wayne Circuit Court action." (ECF No. 112, PageID.746, 752.) However, the "majority view in the federal courts [is that] discovery requests served in state court prior to removal become 'null and void' on removal." *Needler v. Coca-Cola Refreshments USA, Inc.*, No. 3:13-CV-781, 2014 WL 8275991, at *4 (W.D. Ky Nov. 19, 2014). The Court agrees with this view, particularly because Federal Rule of Civil Procedure 26(d)(1) prohibits, by its express terms, discovery requests prior to the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.")

None of the Rule 26(a)(1)(B) exceptions apply in this case, and Petronykoriak failed to file any proof of service or otherwise demonstrate that he pursued discovery against Trans Union once his claims were removed to federal court. Accordingly, Trans Union has made no admissions as to Petronykoriak, and Petronykoriak's admissions are "conclusively established" for the purpose of this motion.

10

2(b), and § 1681i(a)—presume that there is a consumer credit file to regulate. With there being no material dispute that no such file exists, and taking all facts and inferences in the light most favorable to Petronykoriak, Petronykoriak cannot prevail on his FCRA claims. The FCRA claims accordingly fail as a matter of law and are DISMISSED.

### B. State Law Claims

Petronykoriak lists Trans Union as a Defendant in his state law claims in counts 1 and 8 (both entitled "negligence"), 2 and 11 (both entitled "defamation"), and 7 and 10 (entitled "harassment/malicious use of telephone" and "harassment," respectively). However, none of these counts set forth distinct allegations to support a cause of action. Instead, these counts all appear to be based on the same conduct as alleged under the FCRA claim. (*See* ECF No. 1-1, *passim*.)

The Sixth Circuit has held that the FCRA "preempts all state law[] . . . causes of action concerning a furnisher's reporting of consumer credit information to consumer reporting agencies." *Scott v. First Southern Nat. Bank*, 936 F.3d 509, 521-22 (6th Cir. 2019) (dismissing the plaintiff's state claims for breach of the duty of good faith and fair dealing and tortious interference with contractual relationships). All of

Petronykoriak's state-law claims concern Trans Union's alleged reporting of his consumer credit information. (*See* ECF No. 1-1, *passim*.) Additionally, it is "conclusively established" in this case that 1) Trans Union did not maintain a credit file on Petronykoriak's behalf; that 2) Petronykoriak is "not aware of and ha[s] no evidence that any Trans Union employee ever misrepresented anything to [him]," that 3) "[n]o creditor has told [Petronykoriak] that [he was] denied credit or had terms changed based on a consumer report from Trans Union"; and 4) that Petronykoriak has "not suffered any emotional distress, humiliation, embarrassment or mental anguish" or "any out-of-pocket loss" as a result of Trans Union's conduct. (*See* ECF No. 110-5.)

Between the FCRA's preemption of related state tort theories and Petronykoriak's failure to demonstrate the existence of a credit file, any misrepresentation on Trans Union's part, or any harm to himself whatsoever, the Court need not analyze each tort theory—all of which require the demonstration of harm—in detail. Taking all facts and inferences in the light most favorable to Petronykoriak, Petronykoriak's state tort law claims fail as a matter of law and are DISMISSED.

### III. Conclusion

For the reasons set forth, Trans Union's motion for summary judgment (ECF No. 110) is GRANTED. Counts 1, 2, 3, 4, 6, 7, 8, 10, and 11 are DISMISSED as to Trans Union.

Only Count 5, Petronykoriak's claim under the Fair Credit Billing Act, remains in this case.

IT IS SO ORDERED.

Dated: August 13, 2021      s/Judith E. Levy
Ann Arbor, Michigan     JUDITH E. LEVY
    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 13, 2021.

    s/William Barkholz
    WILLIAM BARKHOLZ
    Case Manager